IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN CARLOS SOTELO, an individual a/k/a Carlos J. Sotelo and Jaime Estrada, and JAIME SOTELO ESTRADA, an individual a/k/a Juan Sotelo and Jaime Sotelo, <br><br> Plaintiffs, <br><br> v. <br><br> WAREHOUSE RESTAURANT, LLC an Illinois limited liability company d/b/a WAREHOUSE EATERY, and MEGAN NICHOLS, an individual, <br><br> Defendants. | Case No.: 1:19-cv-8457 |

## COMPLAINT

The Plaintiffs, Juan Carlos Sotelo and Jaime Sotelo Estrada, by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Warehouse Restaurant, LLC, an Illinois limited liability company d/b/a Warehouse Eatery ("Warehouse Eatery"), and Megan Nichols ("Nichols"), (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs their overtime compensation for hours worked over forty (40) in individual workweeks. Plaintiffs are former cooks, food preparers and kitchen staff employee of the Defendants' Warehouse Eatery restaurant located in Deerfield, Illinois.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Juan Carlos Sotelo is a former employee of the Defendants' Warehouse Eatery restaurant located at 833 Deerfield Road in Deerfield, Illinois. Plaintiff Juan Carlos Sotelo worked as a food preparer and kitchen staff employee at Defendants' restaurant from April, 2018 through November 18, 2019.

5. Plaintiff Jaime Sotelo Estrada is also a former employee of the Defendants' Warehouse Eatery restaurant and worked as a line cook and kitchen staff employee at Defendants' restaurant from April, 2016 through November 18, 2019.

6 During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, and tools and utensils, which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiffs reside in and are domiciled in this judicial district.

8. Defendant Warehouse Restaurant, LLC is an Illinois limited liability company that operates the Warehouse Eatery restaurant located in Deerfield, Illinois and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

9. Upon information and belief, Defendant Warehouse Restaurant, LLC has earned more than $500,000 in annual gross revenue during 2017, 2018 and 2019.

10. Defendant Warehouse Restaurant, LLC is registered in Illinois as a limited liability company and its manager, registered agent, and principal office are located within this judicial district.

11. Defendant Megan Nichols is the General Manager of the Warehouse Eatery restaurant located in Deerfield, Illinois.

12. At times relevant to this action, Defendant Nichols possessed extensive oversight over the Warehouse Eatery restaurant and business operations. Defendant Nichols was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; she possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Upon information and belief, Defendant Nichols resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

14. At the time he was hired and continuing for approximately three months, Plaintiff Juan Carlos Sotelo was scheduled to work and did work at Defendants' restaurant for approximately thirty-six hours per week on a six day per week schedule. During this period, Defendants paid Plaintiff Juan Carlos Sotelo at the rate of $13.00 per hour and Defendants issued him a single paycheck per pay period.

15. Thereafter, starting in approximately the end of July, 2018, and continuing through January, 2019, and again from August, 2019 through November 18, 2019, Plaintiff Juan Carlos Sotelo was scheduled to work and did regularly work a minimum of sixty (60) hours per week including Monday, and Thursday through Saturday from 10:00 a.m. to 10:00 or 11:00

3

p.m.; and Sunday from 10:00 a.m. to 9:00 p.m. During the period from approximately, February, 2019 through July, 2019, Plaintiff Juan Carlos Sotelo worked approximately fifty (50) hours per week with the same schedule excluding Sundays. Plaintiff Juan Carlos Sotelo typically did not work Tuesday or Wednesday, although on occasion he was scheduled to work and did work on those days in addition to his regular schedule.

16. Starting in July, 2018, Defendants paid Plaintiff Juan Carlos Sotelo at the rate of $14.00 per hour for all hours worked. In addition, starting in July, 2018, Defendants paid Plaintiff Juan Carlos Sotelo with two separate payroll checks issued to two different names, Carlos J. Sotelo and Jaime Estrada, with each check typically reflecting a total of less than 80 hours per two-week pay period.

17. During the first one and one-half years of his work for Defendants, from April, 2016 through approximately, December, 2017, Plaintiff Jaime Sotelo Estrada worked approximately forty hours per week on a five day per week schedule.

18. Thereafter, starting in approximately January, 2018 and continuing through November 18, 2019, Plaintiff Jaime Sotelo Estrada regularly worked at Defendants' restaurant for a minimum of sixty-two (62) hours per week including Monday, and Thursday through Saturday from 9:00 a.m. to 10:00 p.m. with occasional breaks; and Sunday from 9:00 a.m. to 9:00 p.m. Plaintiff Jaime Sotelo Estrada typically did not work Tuesday or Wednesday, although on occasion he was scheduled to work and did work on those days in addition to his regular schedule.

19. Starting in approximately January, 2018, Defendants paid Plaintiff Jaime Sotelo Estrada at the rate of $19.00 per hour for the first forty (40) hours of work in each individual workweek, and then paid him at the rate of $15.00 for all hours worked in excess of forty in an

4

individual workweek. In addition, starting in approximately January, 2018, Defendants paid Plaintiff Jaime Sotelo Estrada with two separate payroll checks issued to two different names, Jaime Sotelo and Juan Sotelo, with each check typically reflecting a total of 80 hours or less per two-week pay period.

20. Defendants did not typically compensate Plaintiffs at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

21. Defendants regularly did not pay Plaintiffs an overtime premium when they worked more than forty (40) hours in a workweek.

22. In order to conceal their failure to pay overtime compensation, Defendants implemented a dual check/dual name payment scheme to obscure and conceal the fact that Plaintiffs regularly worked a substantial amount of overtime hours in individual workweeks.

23. Defendants paid Plaintiffs' overtime compensable hours at or below their straight-time hourly rates of pay.

24. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

25. Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

26. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

27. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

28. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

29. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

30. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants issued multiple payroll checks to each Plaintiff under different names, and paid for only a portion of each Plaintiffs' total hours, typically no more than eighty (80) hours per two-week pay period, with separate checks thereby creating the false impression that Plaintiffs worked no more than forty (40) hours in individual workweeks when in fact Plaintiffs were scheduled to work and did regularly work more than forty hours in individual workweeks. In addition, Defendants required Plaintiffs to record their time worked on Defendants' computerized time-keeping system by using two different login pass codes and two different employee names thereby reinforcing the false portrayal that two different employees performed the total volume of work actually performed by each Plaintiff in individual workweeks.

**WHEREFORE**, the Plaintiffs, Juan Carlos Sotelo and Jaime Sotelo Estrada, pray for a judgment against Defendants, Warehouse Restaurant, LLC d/b/a Warehouse Eatery and Megan Nichols, as follows:

  A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

  B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

  C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

32. Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

33. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

34. Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

35. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

36. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

37. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Juan Carlos Sotelo and Jaime Sotelo Estrada, pray for a judgment against Defendants, Warehouse Restaurant, LLC d/b/a Warehouse Eatery and Megan Nichols, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime found due;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: December 27, 2019

Respectfully submitted,
Juan Carlos Sotelo and
Jaime Sotelo Estrada,
Plaintiffs

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiffs

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com